JAMES CANN, Judge.
Claimants prosecute this claim against the state road commission for the breaking of a plate glass window in their store situate at 105 West Fourth avenue, Williamson, Mingo county, West Virginia, and facing u. s. route 52. They claim that because of the neglect of the state road commission to repair a break in said route 52, facing. their store building, on the fifteenth day of February, 1951, a passing truck “skidded” a rock or stone from the break in the road through their plate glass window causing damage in the amount of $55.-64.
Gus Tsutras, one of the claimants, testified that u. s. route 52 was in bad condition; that breaks or holes existed over a great portion of said highway, particularly in front of claimant’s store building, where much water, mud and stone had accumulated; that passing cars and trucks splattered much of the water and mud against the window of his store, and it was presumed that one of these passing cars or trucks had precipitated one of the accumulated stones through their window.
The evidence disclosed that the portion of u. s. route 52 in question was originally a brick road and later covered with a black top mixture; that breaks in said road did exist but nothing could be done by respondent, by way of repairs to said road, because of the inclement weather existing at that time of the year; that the mud and water which accumulated in front of claimants’ store was caused by the thawing of snow which had fallen several days before.
*45 Without giving further consideration to the evidence concerning the condition of tr. s. route 52, the question before the court is, was the respondent, or any of its agents, responsible in any way for the damages done to claimants’ window? No one knows how said window was broken. One of the witnesses testified that a large round hole appeared in the window and that a stone or rock measuring three to four inches in diameter and resembling the brick which covered the bed of route 52, was found on the floor inside of claimants’ store next to the broken window, which rock or stone was not exhibited to the court. How the stone or rock was propelled or precipitated through claimants’ window, or from where it came, no one seems to know. It may have been thrown through the window. The record in this case is devoid of any evidence from which the court could reasonably have inferred that claimants’ window was damaged as the result of the negligence of the respondent in failing to keep route 52 in a reasonable state of repairs, or that respondent was in any way responsible for the rock or stone being thrown, precipitated or propelled through said window.
Negligence on the part of the state agency involved, or its agents, must be fully shown before an award will be made.
In this jurisdiction, in an action to recover damages based upon negligence, “negligence will not be presumed from mere proof of the injury,” but it must be proved as alleged. Point 3, syllabi, Keyser Canning Company v. Klots Throwing Co., 94 W. Va. 346.
In this case the only thing before the court is evidence of a broken window, none as to negligence on the part of anyone. Therefore an award will be denied and the claim dismissed.